UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA DUCKWORTH, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>STAPLES, INC.,<br><br>    Defendant. | Case No. _____<br><br>**CLASS ACTION COMPLAINT**<br><br>(JURY TRIAL DEMANDED) |

Plaintiff Sheila Duckworth, individually and on behalf of all others similarly situated, by and through her attorneys, makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself and her counsel, which are based on personal knowledge.

## INTRODUCTION

1.	Unsatisfied with traditional sales revenue alone, Defendant Staples, Inc. ("Staples") sold and rented, and continues to sell and rent, mailing lists containing Plaintiff's and all of its other customers' names and addresses (as well as age, gender, income, job title, and information pertaining to their purchase of products from Staples (hereinafter, "Personally Identifying Transactional Data")) on the open market to anyone interested in purchasing them, including data miners, data aggregators, data appenders, data cooperatives, list brokers, aggressive marketing companies, and various other parties.  Prior to monetizing Plaintiff's and its other customers' Personally Identifying Transactional Data in this way, Staples did not ask for (much less obtain) consent from any of these individuals.

2.	Documented evidence confirms these facts.  For example, Staples, either directly or through one or more intermediary acting on its behalf and at its direction (including through

NextMark and/or one or more "list manager" and/or "list broker"), and during the time periods relevant to this action, sold and rented to various parties the mailing list titled "Staples Masterfile Enhanced Mailing List", which contains the names, addresses, and other Personally Identifying Transactional Data of all individuals who purchased products from Staples (including the types of products purchased), including Plaintiff and each member of the Class, at a base price of "$100.00/M [per thousand]," (i.e., 10.0 cents apiece), as shown in pertinent part in the screenshot below from list broker NextMark, Inc.'s website:



See **Exhibit A** hereto.

3.      California's right of publicity statute clearly prohibits what Staples has done.  *See* Cal. Civ. Code § 3344, *et seq.* (the "CRPL").  Generally speaking, the CRPL prohibits using a

person's name or likeness on or in connection with a product, good, piece of merchandise, or a service without the person's prior consent.  Staples directly violated the CRPL by selling and renting, on the open market to any member of the public interested in purchasing, mailing lists that contained Plaintiff's and all of its other customers' names, addresses, and other Personally Identifying Transactional Data.

4.      Staples's practices of monetizing its customers' names and likenesses for commercial purposes without their consent is not only unlawful, but also dangerous because it allows any member of the public willing to purchase or rent this data to target particular customers, including vulnerable members of society, using their identities, interests and other demographic data.  For example, anyone could buy or rent a list that contains the names, addresses, and other Personally Identifying Transactional Data of all women in California over the age of 60 who work in human resources,  earn over $100,000 per year, and purchased a copy machine from Staples in the past year. Such a list is available for sale or rental on the open market for approximately $150.00 per thousand customers listed.

5.      So while Staples profits handsomely from the use of its customers' names, likenesses, and other personally identifying attributes in this way, it does so at the expense of its customers' statutory rights of publicity.  Accordingly, Plaintiff brings this Class Action Complaint against Staples for its plainly unlawful use of its customers' names and likenesses in reckless disregard of their statutorily protected rights under the CRPL.

**PARTIES**

6.      Plaintiff is, and at all times relevant to this action has been, a living, natural person and a domiciled resident and citizen of California. During the time period relevant to this action, Plaintiff purchased products from Staples while residing in, a citizen of, and physically present in

California.

7.      Defendant Staples, Inc. is a Delaware corporation that maintains its headquarters and principal place of business in Framingham, Massachusetts.  Staples is is a retail company involved in the sale of office supplies and related products.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Staples.

9.      The Court has personal jurisdiction over Staples because Staples maintains its corporate headquarters and principal place of business in Framingham, Massachusetts.

10.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Staples is subject to personal jurisdiction in this judicial District, because Staples resides in this judicial District, and because a substantial part of the events giving rise to Plaintiff's claims took place within this judicial District.

## THE CRPL

11.      The CRPL prohibits any person from, *inter alia*, using "an individual's name . . . or likeness, in any manner, on or in products, merchandise, or goods." Cal. Civ. Code § 3344(a). Specifically, Section (a) of the CRPL states, in pertinent part:

> Any person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent, or, in the case of a minor, the prior consent of his parent or legal guardian, shall be liable for any damages sustained by the person or persons injured as a result thereof.

*Id*.

12.     Notably, California Civil Code Sec. 3344 was amended in 1984 to include the phrase (appearing in the statutory text quoted above) "on or in products, merchandise, or goods" as an additional way in which an unauthorized use of a person's name or likeness violates the statute. *See* Stats.1984, ch. 1704, § 2, p. 6172. In making this amendment, the California legislature sought to prohibit the use of a person's name on or in a product, good, or piece of merchandise, rather than simply in an advertisement for another product or service. *Comedy III Prod's., Inc. v. Gary Saderup, Inc.*, 21 P.3d 797, 801-02 (Cal. 2001).

13.     "In any action brought under [the CRPL], the person who violated the section shall be liable to the injured party or parties in an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered by him or her as a result of the unauthorized use, and any profits from the unauthorized use that are attributable to the use and are not taken into account in computing the actual damages." *Id.* § 3344(a).

## STAPLES DIRECTLY VIOLATES THE CRPL

14.     Staples maintains a vast digital database comprised of its customers' information, including their names, addresses, likenesses, and various other forms of personally identifying and highly sensitive Personally Identifying Transactional Data.

15.     Staples, either directly or through one or more intermediary acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), sold and rented during the relevant time period, and continues to sell and rent to this day, lists on or in which all of its customers' names, addresses, and other Personally Identifying Transactional Data appear.  Staples has sold and rented (and continues to sell and rent) these lists on the open market to anyone willing to pay for them, including on a regular basis to data miners, aggregators, appenders, and cooperatives, aggressive marketing companies, and others.

16.     As a result of Staples's data compiling and sales practices, any member of the public can purchase or rent customer mailing lists from Staples on or in which Plaintiff's and the other Class members' names, addresses, and other Personally Identifying Transactional Data appear.  Staples's practices of selling and renting these mailing lists puts consumers, especially the more vulnerable members of society, at risk of serious harm from scammers.

17.     Staples does not seek its customers' prior consent (written or otherwise) to any of these practices, and its customers remain unaware that their names, addresses, and other Personally Identifying Transactional Data (as well as various other categories of sensitive personally identifying information) are used by Staples on or in the mailing lists that the company has sold and rented (and continues to sell and rent) on the open market to any member of the public interested in purchasing them.

18.     Staples uniformly fails to obtain consent from—or even provide effective notice to—its customers before engaging in the practices described herein.

19.     By and through these actions, Staples has used Plaintiff's and all of its other California customers' names and likenesses, which have commercial value, on or in, or in connection with products, merchandise, goods, or services, or the sale or rental of such things, in direct violation of the CRPL.

20.     Plaintiff suffered mental anguish as a result of Staples's practices of selling mailing lists containing her name and likeness, as well as her address and other Personally Identifying Transactional Data, on the open market and without her consent.  Upon learning that her name, likeness, and other personal details were being trafficked by Staples on the open market for its own financial gain, resulting in, *inter alia*, disclosures of her purchasing habits and the proliferation of other highly sensitive and intimate personal details about her to anyone interested

in purchasing its lists (including aggressive advertisers, marketing companies, possible scammers, and other parties), Plaintiff became worried, frustrated, and concerned, disturbing her peace of mind in a meaningful way – just as would occur to any reasonable person (including members of the Class) under the same or similar circumstances.

## CLASS ACTION ALLEGATIONS

21.     Plaintiff seeks to represent a class comprised of, and defined as:

> All California residents who, at any point in the relevant statutory period, had their names appear on or in a mailing list sold or rented, or offered for sale or rental, by Staples (the "Class").

22.     Members of the Class are so numerous that their individual joinder herein is impracticable.  On information and belief, the members of the Class number in the millions.  The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the records of Staples.

23.     Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members.  Legal and factual questions common to the Class include, but are not limited to: (a) whether the mailing lists that Staples sells are "products, merchandise, or goods" within the meaning of the CRPL; (b) whether Staples used Plaintiff's and the Class members' "names" or "likenesses" "on or in" such mailing lists; (c) whether Staples obtained consent prior to using Plaintiff's and the Class members' "names" or "likenesses" "on or in" such mailing lists; (d) whether Staples's practices of selling such mailing lists violated the CRPL; and (e) the appropriate amount of damages to which Plaintiff and the Class members are entitled as a result of Staples's violations of the CRPL.

24.     The claims of the named Plaintiff are typical of the claims of the other members of

the Class in that the named Plaintiff and the members of the Class were injured and sustained damages by Staples's uniform wrongful conduct, based upon Staples's practices of using Plaintiff's and Class members' names, likenesses, and other personally identifying attributes on or in connection with the mailing lists it sold (and its sales and rentals of such lists) to third parties on the open market.

25.     Plaintiff is an adequate representative of the Class because none of the Plaintiff's interests conflict with the interests of the other members of the Class, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.  The interests of the members of the Class will be fairly and adequately protected by Plaintiff and her counsel.

26.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Staples's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Staples's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of such issues.

**CLAIM FOR RELIEF**

**Violation of California Right of Publicity Law, Cal. Civ. Code § 3344, *et seq.***
**(By Plaintiff Individually and on Behalf of the Class)**

27.    Plaintiff repeats and incorporates herein the allegations in paragraphs 1-26 above.

28.    Plaintiff brings this claim individually and on behalf of members of the above-defined Class against Staples.

29.    Plaintiff is a natural person and therefore a "person" within the meaning of the CRPL.  *See* Cal. Civ. Code § 3344(a).

30.    Staples is a corporation and thus a "person" within the meaning of the CRPL.  *See id.*

31.    Plaintiff, while residing in California, purchased products from Staples. Each member of the Class likewise resides in California and purchased products from Staples.

32.    At no time before or at the time Plaintiff purchased products from Staples did Staples notify Plaintiff that it would use her name or likeness "on or in products, merchandise, or goods" by selling and renting mailing lists on or in which Staples used her name, address, and other Personally Identifying Transactional Data, as well as myriad other categories of personal and demographic information.  *See* Cal. Civ. Code § 3344(a).  Plaintiff has never consented to Staples using her name or likeness "on or in products, merchandise, or goods" in this way.  *See id.*

33.    Staples likewise failed to notify any of its other customers, including the members of the Class, that it would use their names or likenesses "on or in products, merchandise, or goods" by selling and renting mailing lists on or in which their names, addresses, and other Personally Identifying Transactional Data, as well as myriad other categories of personal and demographic information, all appeared.  *See id.* And none of the members of the Class has consented to Staples using their name or likeness "on or in products, merchandise, or goods" in this way.  *See id.*

34.     After Plaintiff purchased products from Staples, and during the relevant statutory period, Staples, either directly or through one or more intermediary acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), knowingly sold mailing lists containing Plaintiff's name and likeness (among other identifying and highly sensitive Personally Identifying Transactional Data, which, *inter alia*, identified her as an individual who had purchased products from Staples) to various third parties, including to data aggregators, data appenders, data cooperatives, and others, without first obtaining Plaintiff's consent or even giving her prior notice of its use of her name and likeness in this way.  Likewise, during the statutory period relevant to this action, Staples knowingly sold mailing lists containing the names and likenesses of the members of the Class (among other identifying and highly sensitive Personally Identifying Transactional Data) to various third parties, including to data aggregators, data appenders, data cooperatives, and others, without first obtaining consent to these practices from, or even providing prior notice to, any of these individuals.

35.     The mailing lists that Staples knowingly sold and continues to sell, on the open market to anyone interested in purchasing them, constitute "products, merchandise, or goods" within the meaning of the CRPL. *See* Cal. Civ. Code § 3344(a).

36.     Staples knowingly used and continues to "use" Plaintiff's and the other Class members' names and likenesses "on or in" such mailing lists. *See id.*

37.     Significant commercial value exists in the aspects of Plaintiff's and the Class members' names and likenesses that Staples used and continues to use on or in its mailing lists.

38.     Staples's unauthorized use of Plaintiff's and the Class members' names and likenesses on its mailing lists, as alleged herein, did not constitute "use[s] of . . . name[s] . . . or likeness[es] in connection with any news, public affairs, or sports broadcast or account, or any

political campaign[.]" Cal. Civ. Code § 3344(d).

39.     By and through these actions, Staples, either directly or through one or more intermediary acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), knowingly "use[d] another's name . . . or likeness . . . on or in products, merchandise, or goods," without such person[s'] prior consent," in direct violation of the CRPL. *See* Cal. Civ. Code § 3344(a).

40.     Staples knowingly used Plaintiff's and the other Class members' names and likenesses on its mailing lists without prior consent in violation of the CRPL. During the time period relevant to this action, Staples, either directly or through one or more intermediary acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), directed and oversaw the compilation and assembly of the subject mailing lists from its customer database, the advertising of such mailing lists on the open market, and the actual sales of such mailing lists to various third parties.  Staples reaped significant monetary profits through its sales of mailing lists on or in which Plaintiff's and the other Class members' names and likenesses appeared.

41.     Plaintiff and the members of the Class have been injured, in California, from the violations of their rights of publicity that they suffered as a result of Staples's nonconsensual use of their names and likenesses in the manner described herein.

42.     On behalf of herself and the Class, Plaintiff seeks: (1) $750.00 in statutory liquidated damages or actual damages, whichever is greater, as well as any profits from Staples's unauthorized uses of her and the Class members' names and likenesses that are attributable to such uses and are not taken into account in computing any actual damages, for herself and each Class member pursuant to Cal. Civ. Code § 3344(a); (2) an award of punitive damages pursuant to Cal.

Civ. Code § 3344(a); (3) a declaration that Staples's conduct described herein violates Cal. Civ.

Code § 3344(a); (4) an injunction prohibiting Staples from further using Plaintiff's and the Class

members' names or likenesses on or in the mailing lists that it sells, and requiring Staples to obtain

prior consent from persons in California prior to doing so in the future; and (5) costs and reasonable

attorneys' fees pursuant to Cal. Civ. Code § 3344(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks

a judgment against Defendant Staples, Inc. as follows:

A.      For an order certifying the Class under Rule 23 of the Federal Rules of Civil

Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as

Class Counsel to represent the Class;

B.      For a declaration that Staples's conduct described herein violates the

CRPL;

C.      For an order finding in favor of Plaintiff and the Class on all counts

asserted herein;

D.      For an injunction prohibiting Staples from further using Plaintiff's name

or likeness or the names or likenesses of the members of the Class on or in the mailing lists

that it sells, as described above, and requiring Staples to obtain prior consent from its

California customers prior to doing so in the future;

E.      For an award of $750.00 in statutory liquidated damages or actual

damages, whichever is greater, as well as any profits from Staples's unauthorized uses of

Plaintiff's and the Class members' names and likenesses that are attributable to such uses

and are not taken into account in computing any actual damages, to Plaintiff and each Class

member pursuant to Cal. Civ. Code § 3344(a);

   F.  For an award of punitive damages to Plaintiff and the Class members

pursuant to Cal. Civ. Code § 3344(a);

   G.  For an order awarding counsel for the Plaintiff and the Class their

reasonable attorneys' fees and expenses and costs of suit pursuant to Cal. Civ. Code §

3344(a); and

   H.  For prejudgment interest on all amounts awarded.

**JURY DEMAND**

Plaintiff, on behalf of herself and members of the Class, demands a trial by jury on all

causes of action and issues so triable.


Dated: December 3, 2021     Respectfully submitted,

           By: /s/ *Guillaume Buell*
           Guillaume Buell (BBO #676566)
           **THORNTON LAW FIRM LLP**
           1 Lincoln Street
           Boston, MA 02111
           Tel.: (617) 531-3933
           Fax: (617) 720-2445
           gbuell@tenlaw.com

           Frank S. Hedin*
           Arun G. Ravindran*
           **HEDIN HALL LLP**
           1395 Brickell Avenue, Suite 1140
           Miami, Florida 33131
           Tel: (305) 357-2107
           Fax: (305) 200-8801
           fhedin@hedinhall.com
           aravindran@hedinhall.com

           * *Pro Hac Vice* Application Forthcoming

           *Counsel for Plaintiff and the Putative Class*